Filed 7/21/26  Catalan v. Griffith CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DORIS JANETTE CATALAN, | B340980 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24PSRO01143) |
| v. | |
| JENNIFER RUTH GRIFFITH, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Michelle Graves-Bryant, Judge.  Affirmed.

Jennifer Ruth Griffith, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# MEMORANDUM OPINION[1]

This is an appeal from the trial court's ruling on competing applications for restraining orders from two sisters, appellant Jennifer Ruth Griffith and respondent Doris Janette Catalan. The sisters and their children lived together in their mother's house; each sister has two children. On July 12, 2024, after a contested hearing, the court denied the order requested by Griffith and granted the order requested by Catalan, restraining Griffith from approaching Catalan, Catalan's children, or the family dog. On September 24, 2024, after both Catalan and Griffith had moved out of their mother's home, the court modified the order to allow Griffith to be in the home while Catalan's children were staying with the neighbor for childcare, and to allow Griffith to be near the family dog.

Griffith objects to four alleged errors in the court's proceedings. First, she complains that the trial court accepted hearsay testimony that Griffith had grabbed the arm of Catalan's daughter, leaving a red mark. The trial court accepted this statement from Catalan's daughter as a spontaneous statement, which is an exception to the hearsay rule under Evidence Code section 1240. According to Catalan, her daughter came in immediately after the event, appearing to be frustrated and upset, and reported that Griffith had grabbed her. Catalan then took a picture of the mark, which was introduced as an exhibit.

We review the court's admission of evidence for abuse of discretion. (*People v. Mataele* (2022) 13 Cal.5th 372, 413–414 (*Mataele*).) We see no error

---

[1] We resolve this appeal by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We summarize the factual and procedural background because the parties are familiar with those details and our opinion is unpublished. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) Undesignated statutory references are to the Evidence Code.

here. Section 1240 permits the introduction of a statement that narrates or describes an event perceived by the declarant, and that is made spontaneously while under the stress of excitement from the event. Here, there was testimony that Catalan's daughter made the statement immediately after being grabbed, while under the stress of the event. Catalan testified that she herself took the photo that was submitted. There was sufficient foundation for this evidence, and section 1240 applies.

Second, Griffith objects that Catalan submitted dependency minute orders as evidence and the trial court never struck those orders. It is true that Catalan submitted at least one dependency minute order as evidence, and that the trial court did not strike that evidence. However, Griffith makes no showing that the trial court considered or relied on the minute orders in making its findings. Therefore, she has not met her burden to show prejudice. (See *Brockman v. Kaiser Foundation Hospitals* (2025) 114 Cal.App.5th 569, 588 (*Brockman*) [appellant has the burden to show prejudice].)

Third, Griffith argues that the trial court should not have relied on a video clip Griffith showed without audio. Again, we see no abuse of discretion. (See *Mataele, supra,* 13 Cal.5th at pp. 413—414.) When Griffith played the video, the court inquired about sound. Griffith responded that there did not seem to be any sound, and explained that "sometimes the app does that. It just doesn't play sound." The court viewed the film, hearing Griffith's commentary and questioning her about it. At no point during the presentation did Griffith ask the court for a continuance or suggest that the video was inadequate without the audio.[2] This was Griffith's evidence,

---

[2]    Griffith raised this issue for the first time with the trial court on the motions for reconsideration and modification, made September 24, 2024.

3

originally offered by Griffith without audio.  Even if we concluded the admission of this evidence was error (and we do not), the error was invited by Griffith, and therefore may not be asserted by her on appeal.  (*Doe WHBE 3 v. Uber Technologies, Inc.* (2024) 102 Cal.App.5th 1135, 1152.)

Finally, Griffith contends the trial court improperly relied on the results of a criminal records search conducted pursuant to Family Code section 6306.  Family Code section 6306, subdivision (a), requires the conduct of such a search, and Family Code section 6306, subdivision (b), requires the court to consider certain results of the search. The parties have a right to request any information on which the court relied, but it will not become part of the public file.  (Fam. Code, § 6306, subds. (c) & (d).)  Nothing in the record indicates that Griffith requested the information on which the court relied, or that the trial court misused that information.  Therefore, Griffith has failed to meet her burden of showing error on this point.  (See *Brockman, supra,* 114 Cal.App.5th at p. 588.)

In sum, Griffith has demonstrated only one potential error by the trial court—the failure to strike juvenile court orders from evidence.  However, Griffith has failed to demonstrate any resulting prejudice.  Therefore, we affirm.

---

This was simply too late.  Reconsideration requires the presentation of new material, along with an explanation of why the material was not presented earlier.  (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 689.)

## DISPOSITION

The orders of the trial court are affirmed.  Respondent may recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.


We concur:


MORI, J.


TAMZARIAN, J.

5